IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAWN PEER, §
§
    Appellant Below, § No. 370, 2020
    Appellant, §
§ Court Below – Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ C.A. No. K20A-02-001
    Appellee Below, §
    Appellee. §
§

Submitted: April 21, 2021
Decided: May 3, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

In this appeal, Dawn Peer challenges the Delaware Industrial Accident Board's (the "IAB") January 15, 2020 decision, which required that she sign a receipt of compensation that included language mirroring the IAB's finding in its October 9, 2019 decision that her injury had resolved. She contends that signing a receipt with the "resolved" language would preclude her from bringing future claims under 19 *Del. C.* § 2347 or impose a *de facto* commutation agreement. We disagree. As the Superior Court held, the receipt with the "resolved" language simply reflects what the IAB stated in its October 9, 2019 decision. The receipt is not a waiver of rights granted under Section 2347, and it does not hinder Peer's

ability to bring future Section 2347 claims. Similarly, nothing in the language of the receipt, the IAB's decisions, or the record triggers commutation under 19 *Del. C.* § 2358. Thus, the judgment of the Superior Court is affirmed on the basis of and for the reasons stated in its October 29, 2020 Order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

2